A. & C. R. R. Co. v. D. & R. G. R. R. Co

[No. 1098, January 31, 1906.]

THE ARIZONA & COLORADO RAILROAD COM-
PANY OF NEW MEXICO, Appellant, v. THE
DENVER & RIO GRANDE RAILROAD COM-
PANY, Appellee.

## SYLLABUS.

1. A corporation organized under the laws of New Mex-
ico for the purpose of constructing, maintaining and operat-
ing a railroad within the Territory, acquires an interest in
a location which, in good faith, it has surveyed, staked out
upon the ground, and adopted as its final location, or a por-
tion thereof, sufficient to enable it to maintain an action
against a trespasser thereon and will not until after the lapse
of the reasonable time after final location allowed for filing,
lose such interest by failure to file a map of the location, as
required by law.

2. An averment, by a railroad corporation organized
under the laws of New Mexico, in a complaint for acts of
trespass on its location, that it had "adopted such location"
is sufficient as against demurrer, without the allegation that
it was done by its board of directors, that being the method
of adoption prescribed by law.

3. Allegations of acts of trespass on the location of a
railroad corporation, however numerous or continuous, do
not amount to an admission that the trespasser is in posses-
sion of such location or any part thereof, or that the title to
it is in dispute when it is also alleged that the complain-
ant is in possession and that the trespasser is seeking to
deprive it of its location and the possession thereof by such
wrongful acts.

4. A complaint which avers that one railroad corpora-
tion is, by repeated acts of trespass upon the location of an-
other such corporation, seeking to deprive the latter of its
location, without due process of law, and threatens to con-
tinue such acts for that purpose, that such location has been
surveyed and established at great expense and is the best
possible one between the points which the proposed railroad
to be built upon it is designed to connect, although not the

only good one available, that a multiplicity of suits will result if such acts are continued and irreparable damage will be caused if such purpose is accomplished, states a case for the interposition of a court of equity by injunction.

Appeal from the district court of San Juan county, before JOHN R. McFIE, Associate Justice.     Remanded.

RITTER, BUCHANAN and A. B. RENEHAN, CATRON & GOETNER and H. B. FERGUSSON, for appellant.

The survey of the route and the location of the line of the railroad is a part of the work of construction.

> C. R. I. & P. R. Co. v. Grinnell, 51 Iowa, 476 p. 482; K. C. & S. E. Ry. v. K. S. & S. W. Ry. 31 S. W. 451, p. 453, S. C. 129, Mo. 69; Sioux City, etc., Ry. v. Chicago, etc., Ry. 27 Fed. 770-774.

When a proposed line has been regularly located and staked off and the expense thereon has been paid, the corporation by which it is done has a prior claim to the right of way for a reasonable time which cannot be defeated by another company that procures voluntary conveyances from the owners, before the proceedings in condemnation instituted by the first company have been terminated.

> 3 Elliott Railroads, Sec. 927; Titusville, etc. Co. v. Warren, etc., Co. 12 Philadelphia, 640; Williamsport, etc., Ry. Co. v. The Phila. etc., Co., 12 L. R. A. 220; P. V. & C. Ry. Co. v. P. C. & St. L. Co. 28, Atl. 155; 23 Am. & Eng. Enc. Law (2nd Ed.) pp. 692 and 693; Contra Costa Rd. Co. v. Moss. 23 Cal. 324-331; Kushequa R. Co. v. Pittsburg, etc., Ry. Co. 50, Atl. 169; Pittsburg V. & C. Ry. Co. v. Com. 101 Pa. 196; Ohio River, etc., Co. v. Freedom, etc., Co. 53 Atl. 773.

That a vested right in the line as located may be acquired by the survey and adoption of the location is recognized in

> Denver & Rio Grande Railway Company v. Alling, 99 U. S. 463; Denver & Rio Grande Railway Company v. The South Park Railway

> Company, 17 Fed. 867; Morris, etc., Co. v. Blair, 9 N. J. Eq. 645; Rochester, etc. Co. v. N. Y., etc., Co. 110 N. Y. 128; N. J., etc, Ry. v. Long Branch Commissioners, 39 N. J. Law, 28-33-34; Barry Ry. Co. v. Montpelier, etc. Co. 61 Vt. 1, 4 L. R. A. 785; Wheeling, etc., Ry. v. Camden, etc., Co. 13 S. E. 369; Lake Shore etc., Co. v. Cincinnati, etc. Co. 116, Ind. 578, 23 Am. & Eng. Enc. Law (2nd Ed.) 694; 3 Elliott, Railroads, Secs. 1119, 1120, 1122, 1124, 1125, M. K. & T. Ry. v. T. & St. L. Ry. 10 Fed. 497-503; Chicago & N. W. Ry. Co. v. Chicago & Pac. Ry. Co. 6 Bliss. 219; Fed. cases No. 2665.

In the matter of crossings, where the parties cannot agree, both companies are subject to the control of the court.

> Seattle etc., Ry. Co. v. State, 34 Pac. 551, 22 L. R. A. 217; In-re St. Paul & M. P. Ry. Co. 37 Minn. 164, 33 N. W. 701; Perry County R. R. v. Newport, etc., R. R. 24 Atl. 709; Humeston Ry. Co. v. C. St. P. & K. C. Ry. 74 Iowa, 554, 38 N. W. 413; C. B. & Q. Ry v. C. Ft. M. & D. Ry. 58 N. W. 918; B. O. Ry. v. Butler Pass Ry. Co. 56 Atl. 955; Atlantic, etc. Ry. v. Seaboard, etc., Ry. 42 S. E. 761; Hoke v. Georgia, etc., Ry. Co. 15 S. E. 124.

Equity has jurisdiction at the suit of one R. R. Co. to restrain another from taking its lands, or from proceeding to condemn the same, showing that the land owner had no adequate remedy under the eminent domain act, and that his only adequate remedy is by an injunction from a court of equity.

. . This is especially true where the appeal allowed to the land owner affects the question of damages only, and where the condemning party may make his deposit and take possession and proceed to construct a road across or upon another railroad.

> A. T. & S. F. Ry. v. K. C. M. & O. Ry. 73 Pac. 899; Minn. etc., Ry. v. St. Paul, etc. Ry. 36 Minn., 481, 32 N. W. 556; Richmond,

etc., Ry. v. Durham, etc., Ry. 104 N. C. 658,
10 S. E. 659; Chattanooga Terminal Co. v.
Felton, 69 Fed. 273; Wilksburg Ry. Co. v,
Panhandle, etc., Co. 48 S. E. 746; Central
City Co. v. Ft. Clark Co. 81 Ill. 523; State
v. District Court, 29 N. W. 60; I. & V. Co. v.
I. & M. Co. 67 N. E. 1013; Rutland Ry. v.
Central Vt. Ry. 47 Atl. 399; Toledo. etc., Ry.
v. Detroit, etc., Ry. 63 Mich. 645.

Under statutes authorizing one Railroad Co. to use
the right of way of another company in a canyon, pass or
defile, see

D. & R. G. Ry. Co. v. D. S. P. & P. Ry.
17 Fed. 867; Montana Central Ry. v. Helena
Ry. 12 Pac. 916.

Recordation of an option or contract of purchase, or
other instrument in writing affecting the title to real estate, is not a sine-qua-non, if the defendant knew otherwise the fact which such record, if it existed, would disclose, or if it were put upon inquiry as to such facts.

Compiled Laws N. M. 1897, Sec. 3955-
3960 and 3953.

For cases relating to notice, see

Moore v. Simmonds 100 U. S. 145; Simmons Creek Coal Co. v. Doran, 142 U. S. 437;
See also, 24 Ency. Law (2nd Ed.) 131; Note 8.

Means of knowledge with the duty of using them, are,
in equity, equivalent to knowledge itself.

Cordova v. Hood, 17 Wall. 8.

Possession in itself is sufficient to put an intending
purchaser of land or acquirer of rights therein upon inquiry as to the status of the title.

Townsend v. Little, 109 U. S. 511; Henderson v. Wanamaker, 79 Fed. 737; Kirby· v.
Talmadge, 160 U. S. 383; Dickey v. Lyon, 21
Ia. 544; Boone v. Chiles, 10 Pet. 22; Devlin
on Deeds, Secs. 775-776 and 777; 1 Beach Mod.
Eq. Secs. 353, 354, 362, 366 and 367; 21 Ency.
Law (2nd Ed.) p. 584, note 1; 28 Ency. Law
2nd Ed.) p. 574.

A contract for a deed creates a duplicate trust. The vendor holds the legal title for the beneficial interest of the vendee, and the vendee holds the purchase price for the vendor.

> 21 Ency. Law (2nd Ed.) p. 934; Hansbrough v. Peck. 5 Wall. 506; Boone v. Chiles, 5 Pet. 225.

By inadequacy of a remedy at law is meant, not that it fails to produce the money, but that in its nature or character, it is not fitted or adapted to the end in view.

> Thompson v. Allen County, 115 U. S. 554; Watson v. Sutherland, 5 Wall. 78.

Even though there may be a legal remedy, yet if a more complete remedy can be had in chancery, it is a sufficient ground for the jurisdiction.

> Wylie v. Coxe, 15 How. 420; Connors v. U. S. 158 U. S. 406; Kilbourn v. Sutherland, 130 U. S. 514.

That injury is irreparable which cannot be repaired, restored or adequately compensated for in money, or where the compensation cannot be safely measured in money

> Bettman v. Harness, 42 W. Va. 437; Gause v. Perkins, 56 N. Car. 177; Steamboat Co. v. Transportation Co. 28, Fla., 414; Eidemiller Ice Co. v. Guthrie, 42 Neb. 238; Kerlin v. West, 4 N. J. Eq. 449.

Concerning the prevention of a multiplicity of suits as a ground for the injunction.

> Eaton on Equity, p. 584; Spell, Extr. Relief Sec. 337; Pom. Eq. Jur. 1357.

Authorities cited by appellant on motion for supersedeas and restraining order.

It is within the inherent power of the appellate court to make such orders as will give effect to the appeal, and as will hold the property in such condition that the court's judgment will be effective.

> State v. Board of Education, 40 L. R. A. 317 (Wash.) ; Waterman v. Raymond, 5 Wis. 185 : Hudson v. Smith, 9 Wis. 123; Levi v. Goldberg, 40 Wis. 308-311.

Where the appeal is taken and prosecuted in good faith the supersedeas should be granted.

> City of Janesville v. Janesville Water Co. 98 Wis., 159; Northwestern Mutual Life Ins. Co. v. Park Hot. Co. 37 Wis. 132-135; Hill v. Finnigan, 54 Cal. 493.

"The court has inherent power to secure to the appellant the fruits of successful appeal."

> Saxon v. Gamble, 2 So. Rep. 664, 23 Fla. 413; Williams v. Hilton, 25 Fla. 608; Smith v. Curtis, 19 Fla. 786; Chaegary v. Scofield, 5 N. J. Eq. 525-529; Bullion, etc., Mining Co. v. Eureka, etc., Mining Co. 5 Utah, 184; Van Walkenburg, etc., v. The Rahway Bank, et. al., 8 N. J. Eq. 725; Harte v. The Mayor, etc., of Albany, 3 Paige Ch. 381; Home Fire Ins. Co. v. Dutcher, 48 Neb. 755; In-re Epley, 64 Pac. 18; Haught v. Irwin, 166 Penn. State, 584; Penn. Mutual Ins. Company v. Creighton, 71 N. W. 279; 2 Cyc. 893; Ex-parte Mil. etc., Ry. Co. 5 Wallace, 188; Hardman v. Anderson, 4 How. 640; Covington Stock Yards Co. v. Keith 121 U. S. 248; In-re Classan, 140 U. S. 200, 11 Sup. Ct. Rep. 735; Hudson v. Parker, 156 U. S. 282; 15 Sup. Ct. Rep. 450; Leonard v. The Ozark Land Co. 115 U. S. 465; 6 Sup. Ct. Rep. 127; Morris v. Tripp, 82 N. W. 610 (Iowa); Hale v. Norcross & Co. 122 Calif. 56; Salinas v. Aultman, 49 S. C. 378; Harrington v. Block, 96 Ga. 236; People v. Oakland, 60 S. W. 679.

WOLLCOTT, VAIL & WATTERMAN, McCLOSKY, CLARK, FIELD and ABBOTT & ABBOTT, for appellee.

Injunction is not proper or permissible under the conditions and facts disclosed by the present record. Complainant must show title at law before relief by injunction can be demanded.

> Pom. Eq. Jur. (2nd Ed.) 252, pp. 301-2; High on Injunctions (3rd Ed.) Sec. 8, pp. 8 and 9, and Sec. 698, p. 537; Sec. 701, p. 541;

Sec. 715, p. 550; Kanawha, etc., R. Co. v. Glen, etc. R. Co. 45 W. Va. 119, 125; C. & O. R. Co. v. Deep Water Ry. Co., 50 S. E. 890, 894; Kanawha, etc., Co. v. Glen. etc., R. Co., 45 W. Va. 119; See also, 16 Am. & Eng. Ency. of Law, (2nd Ed.) p. 359; 27 Am. Dig. (Cent. Ed.) Secs. 82 and 83; St. Louis, etc., R. Co. v. Dewees, 23 Fed. 691; People v. Adirondack R. Co., 160 N. Y. 225-247; Rainey v. B. & O. R. Co., 15 Fed. 767-770.

See also:

Goldsboro L. Co. v. Hines Bros. 126 N. C. 254, 257; Jordan v. Woodward, 38 Me. 423; Perkins v. Foye, 60 N. H.; Maloon v. White, 57 N. H. 152-3; Mammoth v. C. Co's. Appeal, 54 Pa. St. 183, 188; Patterson's Appeal, 129 Pa. St. 109; Murphy v. So. Ry. 99 Ga. 207; Newport, etc., Ry. v. Fitzsimmons, (Ky. App.) 7 S. W. 609; Same v. Same, 8 S. W. 201; Stevens v. Patterson & N. Ry. 20 N. J. Eq. 126; Morris C. & B. Co. v. Fagin, 22 N. J. Eq. 430.

The demurrer admits only those facts well pleaded.

12 Ency. Pl. & Pr. 1026.

Where the complaint shows or gives ground for suspicion that the facts have not been fully and disingenuously set forth, equity will withhold its hand and refuse to grant an injunction.

High on Injunctions, (3rd Ed.) Par. 11, p. 10, and Ibid. Par. 34, p. 31: 16 Cyc. of Law and Proc. 227, et. seq. 233.

Facts only must be pleaded.

12 Ency. Pl. & Pr. 1020.

The authority to adopt a line of location is vested by statute as well as by general law in the board of directors and it can be exercised in no other way.

Compiled Laws New Mexico, 1897, Sec. 3847, Sub. Secs. 1 and 3; C. & O. Ry. Co. v. Deep Water Ry. Co., 50 S. E. 890, p. 900-1; Railroad v. Railroad, 159 Pa. 331.

The requisites of a valid location of a railroad as to third persons and rival corporations are:

1st. A preliminary entry by engineers and surveyors, who run and mark out lines, map them and report them to the company, and

2nd. The adoption of such line by the board of directors.

Williamsport, etc., Co. v. Philadelphia, etc. Co., 141 Pa. St. 407, 414, 416, 417, 418; Atlanta, etc., R. Co. v. Southern Ry. Co. 131 Fed. 657, 663; Railway Co. v. Alling, 99 U. S. 463, 475; Cent. Ry. Co. v. Hetfield, 18 N. J. Eq. 323, 326; In-re Long Island R. Co., 45 N. Y. 363, 365; Weidenfeld v. Sugar Run R. Co. 48 Fed. 615, 617; Kaufman v. Railroad Co. 210, Pa. St. 440, 445-6; Johnson v. Callery, 184 Pa. 146.

Maps must be filed within a reasonable time.

Compiled Laws of New Mexico, 1897, Sec. 3874, p. 955.

What constitutes reasonable diligence?

Wheeling, etc., Ry. Co. v. Camden Cons. Oil Co. 13 S. E. 369.

New Mexico Condemnation Statute.

Compiled Laws of New Mexico, 1897, Sec. 3850, p. 947.

Irreparable injury:

1 High on Injunctions (3rd Ed.) Sec. 722 p. 552; 16 Cyc. of Law and Proc. 235; Amelung v. Seekamp, 22 Md. 468; Waldron v. Marsh, 5 Cal. 120; Willingham v. King, 23 Fla. 478; W. N. C. R. Co. v. G. & N. C. R. Co., 88 N. C. 79, 81-3; Waterbury v. Dry Dock, etc., R. Co., 54 Barb. 388, 408-9.

Damages must be certain and irreparable.

1 High on Injunctions (3rd Ed.) Sec. 9, p. 9; Sec. 30, p. 30; See also Secs. 598 and 701.

The case at bar belongs to the class where the courts refuse to interfere by injunction, even if all the appellant claims was sufficiently shown by its pleadings.

Raleigh & Western Ry. Co. v. Glendon,

etc., Co., 112 N. Car. 661; Rainey v. B. & O. R. Co. 15 Fed. 767; Bassett v. Salisbury Mfg. Co. 47 N. H. 426, 437-8; See also, 16 Am. & Eng. Ency. of Law (2nd Ed.) 360, Note 5; 27 Am. Dig. (Cent. Ed.) "Injunction" Sec. 98; Thor. v. Sweeney Mfg. Co., 12 Nev. 251, 256-60.

Multiplicity of suits.

1 High on Inj. (3rd Ed.) Secs. 62, 65, 698; 1 Pomeroy Eq. Jur. (2nd Ed.) Secs. 254, 272.

Especially in injunction suits, mere allegations of notice or knowledge is not sufficient.

14 Ency. Pl. & Pr., Sec. 111, p. 1071; 24 Am. & Eng. Ency. of Law (2nd Ed.) 141, 142 and 144; Lund v. Rice, 9 Minn. 230; Lewis v. Baird, 3 McLean, 56, 62-3; Detroit, etc., R. Co. v. Forbes, 30 Mich. 165-174; See also Goldsboro L. Co. v. Hines Bros., 126 N. C. 254, 257; 23 Am. & Eng. Ency. of Law (2nd Ed), 702.

The averments upon which an injunction is granted must be based upon the positive knowledge of the complainant or of some one else who knows the facts.

Patterson v. Caldwell, 58 Ky. 489, 491; State Bank v. Oliver, 1 Desney, (Ohio), 159, 160-1; Jones v. Cowles, 26 Ala. 612, 614; Ex-parte, Reid 50 Ala. 439, 444; Messer v. Stover, 79 Me. 512, 519.

Appellant has an adequate remedy at law.

1st By Ejectment; 2nd By Trespass; 3rd By Condemnation.

Session Laws of New Mexico, 1905, Chap. 97, Sec. 1, p. 218, and Sec. 5, p. 219, p. 221; 1 High on Inj. (3rd Ed.) 29.

AUTHORITIES CITED IN PLAINTIFFS' REPLY BRIEF.

Many of the points argued are not raised by the demurrer, and could only be raised by motion.

6 Ency. Pl. & Prac. 276.

The demurrer admits all the allegations of the com-

plaint that are well pleaded, and admits also such other facts as are necessarily implied from such allegations.

> Coatsworth v. Lehigh Valley Railroad, 156 N. Y. 451-457; Lockhart v. Leeds, 195 U. S. (L. Ed.) 267.

The averment that the line of road was adopted by the corporation is sufficient without showing in what manner it was adopted.

> 6 Thompson on Corporations, Sec. 7616; 5 Enc. Pl. & Pr. p. 92; 12 Enc. Pl. & Pr. p. 1044; Hand v. Society for Savings at Cleveland, 18 N. Y. Sup. 157, 158; St. Andrews, etc. Co. v. Mitchell, 54 Am. Dec. 343; Lyman v. White River Bridge Co. 16 Am. Dec. 709; Commonwealth Co. v. Nunn, 67 Pac. 342; Malone v. Crescent City, etc., Co. 77, Cal. 42; Topeka Capital Co. v. Remington Paper Co. 59 Pac. 1062; Gould v. Eagle Creek School Dist. 7 Minn. 203; Nininger v. Board of Commissioners, 10 Minn. 133; Lee v. Minneapolis, etc., Ry. Co. 34 Minn. 225; Edison, etc., Co. v. U. S. E. L. Co. 35 Fed. 134; Rochester Ry. Co. v. Robinson, 133 N. Y. 242-245; Childress v. Emery, 8 Wheat, 642; O. & M. Ry. Co. v. Middleton, 20 Ill., 634; Goelz v. Goldbaum, 37 Pac. 646.

A trespass which goes to the destruction of a property in the character in which it is enjoyed, may be enjoined.

> Poughkeepsie Gas Co. v. Citizens Gas Co., 89 N. Y. 493, 497 and 498; Musselman v. Marquis, 89 Am. Dec. 638 and 639; Griffin p. Ry. Co. 70 Ga. 167; 4 Pom. Eq. Jur. (3rd Ed.) Sec. 1357; High on Injunctions, Vol. 1, Sec. 679 (4th Ed.) ; See also Simmons Creek Coal Co. v. Doran, 142 U. S. 417 at 450; Pittsburg Ry. Co. v. Fisk, 123, Fed. 760.

## STATEMENT OF FACTS.

May 25th, 1905, the plaintiff filed its bill of complaint against the defendant in the district court for San Juan county, alleging, in substance, that it, the plaintiff,

was a corporation organized under the laws of New Mexico, in October, 1904, authorized to construct, maintain and operate a railroad in said Territory from a point on the boundary line between New Mexico and Colorado near where Las Animas river crosses the same, through said county of San Juan and other counties of said territory, to a point on the boundary line between it and the territory of Arizona, near a point where the San Francisco river crosses it, a distance in all of about three hundred miles; that it had complied with the requirements of law, which are prerequisite to its entering upon the work and business for which it was incorporated, and had thereafter in said San Juan county, from said point in the boundary line between New Mexico and Colorado south to the town of Farmington, in said county, a distance of about twenty-eight miles, completed its surveys for said portion of its proposed line of railroad, had fixed and determined its location, had marked and staked the same on the ground, had made for filing a map and profile thereof and was about to file the same as required by law, within a reasonable time, and that it had adopted such location. It further alleged that it had agreed with all but one of the private owners of the land on which its location had been fixed, as aforesaid, upon the compensation to be paid for the taking and use of said land and right of way, and that instruments in writing embodying such agreements had been made and executed between it and said several land owners, and notice thereof filed for record in the office of the clerk of said county, that its said work of surveying and marking its location on the ground, preparing maps thereof, securing the right-of-way therefor, and other things of like nature had been done at great expense, that as a result the route and location it has thus laid out and adopted was the best possible one for the construction and operation of a railroad between Farmington and the point in the northern boundary line of the Territory from which it proposed to construct a railroad as above stated.

The plaintiff further averred that the defendant had full actual knowledge of all its, the plaintiff's doings in the premises, as above set forth, including the agreements

A. & C. R. R. Co. v. D. & R. G. R. R. Co

made with land owners, and that long after such proceedings by the plaintiff the defendant undertook and began the construction of a parallel line of railroad, from a point near that to which the plaintiff's said location extends in the northern boundary line of New Mexico to said town of Farmington, and that, without necessity and wrongfully, it has entered upon the plaintiff's said location and sought to destroy its usefulness for the plaintiff, by staking out a location for its own railroad upon portions of the plaintiff's said location that under the pretense of laying out necessary crossings over the plaintiff's said location it has, although each end of its own proposed location is on the same side of and near to the plaintiff's location, laid out its own proposed route to cross that of the plaintiff no less than eight times in said distance of about 28 miles, and that such proposed crossings, are not made at, or nearly at, right angles with the plaintiff's said location, but in some instances extend along it and occupy as much as a thousand feet of its length, and besides that defendant proposes to make such pretended crossing at grades substantially different from those established at such points for the plaintiff's said location; all of which the plaintiff says is done and threatened for the purpose, and, if permitted, will have the effect of substantially depriving the plaintiff of its said location, and rendering the same wholly useless as a route for the construction and practical operation of a railroad.

It was also alleged, that, as one of the means to be employed by the defendant to deprive the plaintiff of its location, the defendant purposed and threatened to institute condemnation proceedings to secure a right of way and location for itself including portions of the plaintiff's said location, and in such proceedings to ignore the plaintiff's rights, and act without notice to the plaintiff, and only against the owners of the land on which the plaintiff's location was laid out.

The plaintiff concluded with the usual allegations of the need of equitable relief, and with a prayer that the defendant be enjoined from continuing its alleged acts of encroachment.

The defendant demurred to the complaint, on the

ground that facts were not stated sufficient to constitute a cause of action against the defendant for the relief prayed for, or any relief whatever. The demurrer was sustained by the district court, and final judgment entered dismissing the complaint, with costs to the defendant. The case is before this court on appeal from said judgment.

## OPINION OF THE COURT.

ABBOTT, J.—The question first requiring consideration in this case, is whether, on the facts well pleaded in its complaint, the plaintiff has such an interest in the premises in controversy, as will entitle it to maintain its action. That a part of the statutory requirements essential to the acquisition of such a right, or interest are alleged in the complaint, to have been complied with and that these are well pleaded as facts, the defendant does not,. in the brief presented in its behalf, seriously question. That the survey and staking of the location upon the ground, and similar acts, are a part of the construction of a railroad, appears to be well settled. C. R. I. & P. R. Co. v. Grinnell, 51 Ia. 476; K. Co. & S E. Ry. v. K. S. & S. W. Ry. 129 Mo. 69; Sioux City, etc., Ry. v. Chicago, etc., Ry. 27 Fed. 770.

Such acts the complaint avers were performed by the plaintiff before February 1st, 1905, and so, well within the period of two years, allowed by section 3877 of the Compiled Laws of 1897, for the beginning of construction.

It is claimed, however, that the filing of the map of the proposed location was essential, and that as no such filing was pleaded, a necessary element of the plaintiff's title is lacking in its complaint. The provision of the statute, Section 3874, of the Compiled Laws of 1897, is that a map shall be filed within a reasonable time "after its road shall have been finally located." It is, at least, open to question whether the plaintiff was required to file any map under that section until its entire road had been located, but, assuming that such a map should be filed for a portion of the road finally located, the question whether it had been done within reasonable time, is one of fact which could not be raised on demurrer. Wheeling etc., Ry. Co. v. Camden Co., Oil Co. 35 W. Va. 205.

The defendant lays great stress on the failure of the plaintiff to state that its alleged location was adopted by its board of directors, the statute, Section 3847, Sub-Sec. 3, prescribing adoption, in that way. The allegation in the complaint is, that the plaintiff corporation had "adopted" the location in question. Whether the location was adopted, would, of course, be open to question on an answer denying it, but we think the demurrer must be held to have admitted the fact of its adoption, and that to hold it was necessary to state that it was adopted by a vote of a board of directors, would be to require that evidence of the fact, instead of the fact itself, should be pleaded. Sullivan et al., v. The I. & S. Mining Co., 109 U. S., 550; Bank of Metropolis v. Guttschlick, 14 Pet. 27; Delafield v. Kinney, 24 Wendall, 345; Arington v. Savannah Ry, Co. 95 Ala. 434.

We conclude therefore that the facts well pleaded established a vested interest in the plaintiff, sufficient to enable it to maintain the action.

The defendant claims, however, that the averments of the complaint in effect, show that defendant and not the plaintiff is in possession of the portions of the plaintiff's alleged location, which are the subject matter of controversy between them in this cause.

It is true there are some expressions in the complaint, which, taken by themselves, would give some countenance to that contention, but, taken as a whole, the complaint plainly declares that the plaintiff is the owner of the location surveyed and staked out by it on the ground and in possession of it, but that such possession has been interfered with by wrongful acts on the part of the defendant, and is jeopardized by the threatened continuance of such acts.

The defendant further urges that the title to the portions of the plaintiff's alleged location now in question is by the complaint shown to be in dispute between the plaintiff and defendant, and that the former must therefore establish its title at law, before it can have the aid of a court of equity to protect it. We do not so interpret the complaint. We understand it to charge that the defendant having actual notice and knowledge of the plaintiff's in-

A. & C. R. R. Co. v. D. & R. G. R. R. Co

terest and rights in the premises, is, unlawfully and without any claim of right, seeking to deprive it of them by a series of wrongful acts already begun and threatened to be continued up to the point of the complete ouster, and dispossession of the plaintiff.

We come now to the question whether the plaintiff is, on the showing of facts in its complaint, entitled to. the relief prayed for, or to any relief. It declares that the defendant is seeking to deprive it of its property, not by condemnation proceedings, or any process of law, but by repeated wrongful acts, which the defendant threatens to continue, and that unless relief in equity is granted a multiplicity of suits will result. Such, it seems to us would·be the natural and almost inevitable result. ·

The plaintiff also says it would suffer irreparable damage by what the defendant is doing and threatens to do, with reference to its location. To this the defendant replies that plaintiff has alleged the feasibilty of laying· ·out other good locations between the points connected by the location in question here, and suggests that the plaintiff avail itself of that natural condition by taking another route and leaving to the defendant so much of the plaintiff's adopted location, as it, the defendant, may care to use. That suggestion may in time commend itself to the plaintiff, but its present position in this cause, is that its adopted location is the best possible one between the points referred to, and that it asks the protection of this court against encroachments upon it by the defendant.

The defendant further contends that the plaintiff does not allege any damage, actual or threatened, which would be beyond money compensation, or the inability of the defendant to make such compensation.

It is true that all property is subject to be taken for the public use in the method, and for the compensation provided by law, but we are not aware that any one is required to surrender his property to whomsoever may choose to lay violent hands on it, no matter how great the price or certainty of payment. The owner has the right to retain the property itself under such circumstances and is entitled to the protection of the courts in so doing. Simmons Creek Coal Co. v. Doran, 142 U. S., 417; Pitts-

burg S. & W. Ry. Co. v. Fiske, 123 Fed. 760; Southern Pac. Ry. Co. v. Oakland, 58 Fed 50; Coatsworth v. Lehigh Valley Ry. Co. 156 N. Y. 451.

We are, of course, now dealing with what may not be the actual facts, but which we must treat as actual and established, so far as they are well pleaded in the complaint, and we think that, unanswered, they are sufficient to establish a liability of the defendant and the right to the relief prayed for.

The case is therefore remanded to the district court for further proceedings in accordance with this decision.

William J. Mills, C. J., Frank W. Parker, A. J., Wm. H. Pope, A. J., Edward A. Mann, A. J., concur.

McFie, A. J., having heard the case below, did not participate in this decision.