F. W. WOOLWORTH COMPANY, Respondent, vs. VOGELSANG and another, Appellants.

*February 7—March 14, 1922.*

*Easements: Description in grant: Definiteness: Practical construction: Use of servient estate: Appeal: Rules for future guidance of parties.*

1. In a deed conveying a tract of land, a grant of a right of way of "eight feet on the east side" of a tract owned by the grantors is construed to cover the east eight feet of the tract, the east line of this land being coterminous with the east line of the right of way.
2. If the deed were indefinite, the end of a party-wall constructed by mutual agreement would determine the location of the right of way.

F. W. Woolworth Co. v. Vogelsang, 176 Wis. 366.

3. The owner of the servient estate is entitled to make such use of the strip affected by the right of way as he may without unreasonably interfering with the use of the right of way by the dominant owner.

4. The owner of an estate subject to a right of way for a driveway cannot erect posts to support a roof over the driveway which encroach thereon so as to leave a space only seven feet six inches wide, or only ten inches wider than the trucks used by the owner of the driveway, since such narrowing of the driveway is a substantial impairment of the right of way.

5. On appeal from a judgment enjoining an unlawful use of a right of way the court will not, although urged by the parties, lay down general rules in regard to the future use and enjoyment of the premises.

APPEAL from a judgment of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

The facts in this case can be presented much more clearly and briefly by aid of the accompanying diagram:

Scale 50′ = 1¼″

The plaintiff is lessee of the premises indicated by D and E. E is vacant and upon D there is a building. The defendants own the premises A, B, and C. A is occupied by a building, B and C are vacant. The premises were formerly owned by William Rudolph and Bertha Frances Rudolph. They conveyed to predecessors in title of the defendants the south parcel of land represented on the diagram by D and E, "also including the right of way eight feet on the east side of the west one-half of lot 4 leading ·to so-called Franklin street," being the parcel indicated as C on the accompanying plat. At the points X and Y and on the easterly line of the right of way the defendants erected posts which partially supported a roof over the shaded portion of C. Many facts were found which are not material to the controversy here. The court found that it was the intention of the parties to the deed to give the grantees a right of travel or passage on foot and for teams and vehicles upon and over said strip, to and from the south sixty feet of the west half to and from the premises conveyed, and that it was not the intention to convey the fee or any other right or interest therein than the right of travel or passage thereupon; that one of the posts erected encroaches into and upon said way to a distance of five inches, and the other post to a distance of six inches; that the width of the motor truck on which goods are carried over said right of way to the rear of the store building occupied by plaintiff is six feet and eight inches; that each of said posts contracts or narrows said way to such an extent as to cause serious inconvenience in the use· of said way by teams and vehicles, and especially by motor trucks used in the carrying of merchandise and other articles over said way; that the defendants for that reason are not entitled to maintain either of said posts within said way or strip, and that the defendants should be required to remove the posts therefrom and thenceforth to leave said right of way wholly free and unobstructed to the full extent of its width and length, so long

as it shall exist as such under and pursuant to the deed by which it was created. The court found that the roof as maintained did not inconvenience the plaintiff and that said roof could be supported by posts or pillars wholly without the right of way. The court further found that the allegations contained in the plaintiff's complaint to the effect that the defendants threaten to erect a retaining wall on said strip or said right of way for an addition to their store building to be supported over said way or strip are not proved. The court further found that the defendants should be allowed thirty days, from and after the date of service on them or on their attorneys of notice of the entry of judgment herein, in which to remove said posts from said way, and also to remove therefrom said roof, or otherwise provide lawful means of support for said roof if they shall decide to continue it above said way. The damages were stipulated at six cents, and there was judgment in accordance with the findings, from which the defendants appeal.

For the appellants there were briefs by *Kelley & Wyseman* of Manitowoc, and oral argument by *H. F. Kelley*.

For the respondent there was a brief by *Hougen, Brady & Meyer* of Manitowoc, and oral argument by *C. E. Brady*.

ROSENBERRY, J. The facts in the case were in the main stipulated, and it is argued here by the defendants that the court erred in the application of the law to the facts and in making certain inferences from admitted facts. The assignments raise two questions: First, Where is the right of way located? and second, Do the points complained of (X and Y on the diagram) constitute a material encroachment on the way?

The court found that "the strip of land in dispute is the east eight (8) feet of the north 55 feet of the west half of lot 4" and lies on the east side of defendants' premises; that is, the east line of the strip and the east line of defendants' premises are coterminous. This is a correct construction of

the language of the deed. By mutual agreement the party-wall was built to a point eight feet distant from the east line. If the deed were indefinite, which it is not, the building of the wall would determine the location.

The defendants own the fee of the land upon which the way is located and the plaintiff has an easement for travel or passage on foot and for teams and vehicles upon and over said strip. On behalf of the defendants it is argued that it was not the intention of the grantor of the easement to grant a right of way eight feet in width measured with mathematical exactness so as to preclude the grantor from inclosing his premises by a fence or wall; that the easterly line of the way is not a mathematical line, but is one having width, and that the grantor has a right to maintain in such right of way a fence or supporting walls for a structure over the right of way, and that such use by the owner of the fee is not inconsistent with the easement granted.

That the owner of the servient estate is entitled to make such use of it as he may without unreasonably interfering with the use of the dominant owner is clearly established. *Gimbel v. Wehr,* 165 Wis. 1, at p. 13, 160 N. W. 1; *Wallis v. First Nat. Bank,* 155 Wis. 306, 143 N. W. 670; *Childs v. Dahlke,* 151 Wis. 82, 138 N. W. 277, and cases cited.

The difficulty with the position of appellants is that the court found as a matter of fact, and the finding is not here attacked, that the erection of the posts which narrowed the way in one case six inches and in the other five inches did materially and substantially interfere with the enjoyment of the rights granted the plaintiff and resulted in serious and unreasonable inconvenience in the use of the way, especially by motor trucks. This is conclusive upon the rights of the parties. It does not require argument to show that obliging plaintiff to pass through a space seven feet six inches wide with a truck six feet eight inches wide is a substantial impairment of his rights.

We shall not attempt to determine or settle any other

issue than that presented upon this appeal by the facts in this case. We are urged to lay down some general rules in regard to the future use and enjoyment of these premises. This is beyond the province of the court. No one can foresee what future conditions may be, and problems relating to the future use of the premises must await solution until they arise.

*By the Court.*—Judgment affirmed.