(No. 15616.—Affirmed in part and reversed in part.)
GEORGE F. DOAN, Appellee, *vs.* JOHN W. ALLGOOD,
Appellant.

*Opinion filed December 19, 1923.*

1. EASEMENTS—*right of way may be repaired in any way neces-sary to preserve the easement.* One who has a right of way ease-ment over the land of another has the right to grade or bridge the road and to do everything reasonably necessary to preserve the easement, but he has no right to injure the servient estate merely for the sake of convenience, or to interfere with the owner's con-trol and beneficial use of the land further than is necessary for the reasonable enjoyment of the easement.

2. SAME—*owner of servient estate cannot interfere with proper enjoyment of easement.* The owner of land in which another has an easement of right of way has the right to use the land for any purpose he may deem proper, so long as such use does not inter-fere with the proper enjoyment of the easement.

3. SAME—*when one having right of way over another's land has no right to fence the same.* A grantor who has merely re-served a right of way twenty feet wide over land which he has con-veyed has no right to fence the same, where the erection of a fence will practically exclude the owner from any use of the strip and where the evidence does not show that the fence is necessary to the reasonable enjoyment of the easement, as the owner of the servient estate has the right to use the strip in any way not incon-sistent with its use as a right of way, including the turning of his team in plowing his land.

APPEAL from the Circuit Court of Sangamon county; the Hon. FRANK W. BURTON, Judge, presiding.

GRAHAM & GRAHAM, and D. McKEOWN, for appellant.

BROWN, HAY & STEPHENS, and PAUL W. GORDON, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Upon a bill filed by George F. Doan the circuit court of Sangamon county entered a decree enjoining the defend-ant, John W. Allgood, from growing crops upon a certain

right of way, from hindering the complainant from making reasonable repairs on such right of way, and from hindering complainant from constructing a fence along the south line of the right of way, and the defendant has appealed.

The appellee, Doan, was the owner of the northeast quarter and the north half of the northwest quarter of section 13, town 15, range 5, west of the third principal meridian, in Sangamon county, and on February 27, 1920, conveyed to the appellant the north half of the northwest quarter by a deed containing a reservation in the following words: "An easement for right of way purposes is hereby reserved by the grantors for the use of themselves and their tenants over and along the north twenty (20) feet of the premises herein conveyed." The northeast quarter of section 13 was pasture and farm land, with no buildings on it. Doan lived across the road west from the appellant. His barns were there, and he used the right of way reserved in the deed for driving his horses and cattle back and forth between his barns and his pasture land and for going back and forth for the usual purposes in conducting the farm. The east end of the right of way is very rough and broken, so that it cannot be used for a right of way without leveling it and putting in water pipes to make crossings over the ditches which cross the land. Allgood's land adjoining the east end of the right of way was cultivated, and Doan's stock, while being driven along the right of way, has at times trespassed upon Allgood, who has brought two trespass suits against Doan for the damage done. Doan attempted to build a fence along the south side of the right of way at the east end, but Allgood stopped him and prevented him from erecting the fence. The appellant in farming used the right of way for turning, and in case the fence were built would lose the use of the ground for this purpose. Some corn grew on the right of way. The appellant testified that his adjoining land was planted in corn and that corn dropped out of the planter when it was turned around

to start back on the row, and that whatever corn grew there did not interfere with the use of the twenty-foot strip for a right of way.

Doan owned the south end of the east half of the southwest quarter and the south end of the west half of the southeast quarter of section 12, which adjoined the east half of Allgood's land on the north and extended forty rods along the north side of Doan's land east of Allgood's land. Allgood contends that Doan had been accustomed to drive his stock over this land in section 12 before the conveyance to Allgood and had never used the east end of this twenty-foot right of way strip for driving stock or hauling produce or implements, because it was so rough and broken that such use was impossible. Allgood's objection to Doan's improvement of the road on the east end of the right of way is, that this was not in contemplation of the parties when the deed was made and could not be done without endangering and impoverishing Allgood's ground.

The appellant does not contend for the right to raise crops upon the twenty-foot right of way. There was evidence that corn was grown there. Whether it was dropped in turning the planter at the end of the row or not, the appellant was growing corn on the right of way, and the decree enjoining him from doing so was right.

The question of improving the right of way by putting the surface in such condition as to make its use possible was also correctly determined. Whoever has an easement in or over the land of another has the right to do everything necessary to preserve the easement, and the right to repair a way is fully established. (*Wessels* v. *Colebank*, 174 Ill. 618.) The question of what acts of repair are reasonable in the use and enjoyment of an easement is one of fact in each particular case and depends on the extent and character of the lawful use of the easement. The owner of the easement may make such grades or fills and lay such tiles or construct such ditches as may be necessary

to enable him to make use of the way in accordance with the grant, provided in doing so he does not injure the servient estate. He may not construct a grade or fill or ditch in such a manner as to affect injuriously the adjoining land of the servient estate. *Sell* v. *Finke,* 295 Ill. 470.

The language of the reservation of itself gave no right to the appellee to fence the right of way. If he has such right it is because it is necessary to the beneficial use of the right reserved,—the easement itself. It would undoubtedly be convenient for the appellee to have the right of way fenced and to have it used exclusively for a road. That is not, however, the language of the reservation. The appellee reserved merely an easement for right of way purposes. He might have excepted the north twenty feet of the land from the conveyance, to be used for a private road. He might have added to the reservation words giving him expressly the right to fence off the twenty feet. He did not do so, and the right can be implied only if it is reasonably necessary to the proper enjoyment of the easement reserved. He has the right to the use of the whole twenty feet for a way,—the right to put it in condition for such use and to keep it in repair; but the mere language, "an easement for right of way purposes," does not create a right to fence the way. The owner of land has the right to use the land for any purpose he may deem proper, so long as such use does not interfere with the proper enjoyment of the easement. (*Tacoma Safety Deposit Co.* v. *City of Chicago,* 247 Ill. 192.) On the other hand, the owner of the easement is entitled to its full enjoyment, together with every right necessary to such enjoyment. He has no right, merely for the sake of convenience, to interfere with the owner's control and beneficial use of the land further than is necessary for the reasonable enjoyment of his easement. The owner of a right of way to be used as an alley does not have the right to string electric wires without the consent of the owner of the fee of the part of the alley over which

the wires extend. (*Carpenter* v. *Capital Electric Co.* 178 Ill. 29.) It has been held that a grant of a right of way does not authorize the grantee to fence the ground on which the way exists. (*Sizer* v. *Quinlan,* 82 Wis. 390.) The decisions are few and contradictory. It has been held that the grantee of a right of way has the right to fence the right of way. *Harvey* v. *Crane,* 85 Mich. 316; *Murray* v. *Dickson,* 57 Tex. Civ. App. 620.

In *Sizer* v. *Quinlan, supra,* the plaintiff was the owner of a "reasonable right of way" over Quinlan's land. The lateral boundaries of the right of way were not specified, but Sizer fenced in a rod and a half in width and Quinlan broke the fence down in part and threatened to destroy the remainder. Sizer brought a suit for an injunction to prevent Quinlan from interfering with the fence. The circuit court dismissed the bill, and the Supreme Court in affirming the decree said : "The defendant, as the owner of the servient estate, is circumstanced in respect to this easement substantially as the owner of an estate along or over which a highway passes is at common law in respect to fencing in the highway. He may fence along the highway or not, as his convenience may dictate, but he is not bound to fence it or to permit anyone else to do so. If the plaintiff is allowed to fence in his right of way, it will work, it is manifest, an exclusion of the defendant from the land over which it passes, the full legal title to which still remains in him, which was not contemplated by the language used in the deed reserving the right of way or by the deed conveying it to the plaintiff, and would permit the plaintiff to exercise rights and avail himself of methods of use and enjoyment of the defendant's estate of a more permanent character than a mere right of way over his lands and not essentially pertaining to or resulting from a mere easement over them." The language of *Brill* v. *Brill,* 108 N. Y. 511, was quoted, in which it was said : "The owner of the soil has all the rights and benefits of ownership consistent with

such easement. Among others must be the right to have his lands fenced or unfenced, at his pleasure. In the absence of fences his horses and cattle must not obstruct the way, and the owner of the way is bound to the exercise of due and reasonable care by his own methods to prevent his cattle or other animals from trespassing. An inclosed road might be a convenience, but its creation is not imposed upon the owner of the soil by the terms of the reservation. It is not an actual or direct necessity to the full enjoyment of the privilege reserved and it cannot be implied as incident thereto." The suit in that case was to compel the grantee in a deed which reserved "free ingress and egress across the above described premises where the road now is," to maintain fences along the right of way, and the language quoted was unnecessary to the decision, which was that the owner of the fee subject to the easement was not bound to maintain the fences along the right of way. In *Moffit* v. *Lytle*, 165 Pa. St. 173, it was held that a grantor in a deed of land reserving a right of way had no right to build a fence on the right of way so as to shut off access to the grantee's barn, the grantor having by the reservation nothing but a right of way over the surface, which did not need a fence in order that the grantor might enjoy the right which he had reserved.

In *Harvey* v. *Crane, supra,* the plaintiff procured a private road twenty-four feet wide to be laid out by the highway commissioner at one side of the defendant's premises for a public highway to the plaintiff's land, for which he paid defendant the compensation awarded by the jury,— $75. The defendant's adjacent land was used for crops and pasture, and the plaintiff drove her stock along the private road and built a fence about a foot inside of the boundary sufficient to turn her stock and keep it in the road while being driven along it. The defendant tore down the fence and the plaintiff sued him for damages and recovered. The Supreme Court held these propositions to be established by

the adjudications: (1) That the conveyance of a right of way gives to the grantee not only a right to an unobstructed passage at all times over defendant's lands, but also such rights as are incident or necessary to the enjoyment of such right of passage. (2) The owner of the way, where its limits are defined, has not only the right of a free passage over the traveled part, but also to a free passage on such portions of the way as he thinks proper or necessary. (3) The owner of the fee subject to an easement may rightfully use the land for any purpose not inconsistent with the rights of the owner of the easement. (4) The rights of the owner of the easement are paramount to the extent of the grant to those of the owner of the soil. (5) The owner of the soil is under no obligation to repair the way, as that duty belongs to the party for whose benefit it is constructed. (6) What may be considered a proper and reasonable use by the owner of the fee as distinguished from an unreasonable and improper use, as well as what may be necessary to plaintiff's beneficial use and enjoyment, are questions of fact to be determined by the trial court or jury. The court assumed in its opinion that it was well known that private roads are invariably inclosed, and stated that no case could be found in the books where the right to inclose a statutory road has been assailed. The distinction is made that the right insisted upon in the case is not one acquired by grant, license or prescription. It is not simply a right of way over defendant's land, nor a right of ingress and egress merely, but is one acquired and paid for under the statute and is a statutory road. Whatever may be the distinction, the court made no decision that the owner of such a road has a right from the mere fact of ownership, but bases its judgment upon the proposition that the necessity and reasonableness of the means made use of to adapt the road to the plaintiff's use are questions of fact to be determined by the trial court, and that the finding of the trial court that a fence is

an incident necessary to the lawful enjoyment of the road was conclusive on the reviewing court.

In *Murray* v. *Dickson, supra,* the Texas Court of Civil Appeals held that where a fence is reasonably necessary to the enjoyment of the way the dominant owner may erect such a fence.

The decree in this case finds that a fence along the south line is necessary for the complainant's reasonable enjoyment of the easement. This finding is not sustained by the evidence. The appellee is in no different position in relation to the appellant's land adjoining the right of way than if the right of way were an unfenced public road. He is bound to protect the appellant's crops from injury by his stock, whether traveling a public road or a mere right of way. It would perhaps be more convenient to have a fence, but the erection of a fence would practically exclude the appellant from any use of the twenty feet except for a right of way. He has a right to use this strip in any way not inconsistent with the appellee's use of it as a right of way. He has the right, in plowing his land, to turn his team on this strip, and a fence would deprive him of this right. It is immaterial to inquire whether the damages from the deprivation of this right are great or small. It is sufficient that the property rights of the appellant are interfered with in a manner detrimental to his interest as owner of the fee. *Carpenter* v. *Capital Electric Co. supra.*

The decree will be affirmed except so far as it enjoins the defendant from hindering the complainant from constructing a fence along the south line of the right of way, and that part of the decree will be reversed. The parties will each pay one-half the costs in this court.

*Affirmed in part and reversed in part.*