73 P.2d 1356

DYER et ux. v. COMPERE.

No. 4300.

Supreme Court of New Mexico.

Nov. 15, 1937.

Rehearing Denied Dec. 13, 1937.

Pearce C. Rodey, Don L. Dickason, and Benjamin Osuna, all of Albuquerque, for appellants.

John Baron Burg, of Los Lunas, for appellee.

SADLER, Justice.

The appellants (plaintiffs below) sued in equity to enjoin and restrain appellee from keeping and maintaining a gate crossing, a tamarisk hedge, and other claimed obstructions and encroachments on a certain right of way or easement for the use of appellants' property located to the east and at the rear of appellee's property.

Santiago Garcia and Candelaria Garcia, his wife, predecessors in title to both appellee, W. Gano Compere, and appellants, Clarence M. Dyer and Maude Dyer, his wife, were, prior to June 16, 1927, the owners of two tracts of real estate adjoining each other. Tract 1 is that tract now owned by the appellee, W. Gano Compere, and tract 2 is the tract now owned by the appellants, Clarence M. Dyer and Maude Dyer, his wife. Tract 1 is bounded on the west by highway 66, commonly called North Fourth Street road, and on the east by the Chamisal Acequia, which acequia is also the west boundary of tract 2, located directly at the rear of tract 1, considering the west boundary of tract 1 running along highway 66 as the front portion. The north boundary of tract 1 runs parallel with the north boundary of tract 2, coinciding with it at the Chamisal Acequia.

By warranty deed dated June 16, 1927, Santiago Garcia and Candelaria Garcia, his wife, deeded both tract 1 and tract 2 to the appellant Clarence M. Dyer; both tract 1 and tract 2 were described separately and, as to tract 1, the tract now owned by appellee, W. Gano Compere, the deed reserved, or rather excepted, a right of way as follows: "except from the North boundary of said tract a roadway 8 feet in width," and, as to tract 2, the tract in the rear and now owned by the appellants, Clarence M. Dyer, and Maude Dyer, his wife, the deed excepted the same roadway as follows: "There is excepted from the tract last above described (Tract No. Two) a roadway eight feet in width running along the North boundary of the described land."

The appellants thereafter, on February 20, 1929, deeded tract 1 to Mrs. Rosario Duprez Eaton, the predecessor in title to appellee, W. Gano Compere, in which deed appellants reserved the right of way easement in the roadway excepted by their predecessor in title in words as follows: "A right of way eight feet in width is hereby left open along the North line of the above described property for the use of the property owners in rear, namely, Clarence M. Dyer and Amado Lopez."

At the time of said conveyance there was maintained at the west entrance to tract 1 now owned by appellee, a cattle guard and gate. Pedestrians and motorcars entering the right of way from North Fourth street might do so over the cattle guard. Livestock and horse-drawn vehicles were compelled to use the gate, which was never locked, although kept closed except when

opened to permit the passage of vehicles. The cattle guard was located nearest the fence marking the north boundary of said property, the north end thereof being attached to a post about 1½ feet from the fence. The gate was immediately south of and adjoining the cattle guard. Together, they extended some 20 feet south of the north boundary of appellee's property, tract 1.

Following the purchase of tract 1 by Mrs. Rosario Eaton, she commenced to plant a tamarisk hedge along the north boundary thereof. Appellant Dyer made some protest, but, upon her assurance "that she wouldn't get it up to bother," he apparently acquiesced and she proceeded with the planting of the hedge. Mrs. Eaton sold to one Hall, and Hall sold to appellee, Compere, about December, 1932. At the time of his purchase the hedge had a considerable growth. Appellee endeavored to remove it, cutting "the main trunk back and roots down into the ground from three to five inches." Nevertheless, the hedge came up from the various roots, making "a very big hedge," so he let it grow and trimmed it.

During none of this time did appellants or their tenants confine themselves in the use of the right of way to the exact 8 feet south of the north boundary of tract 1. At the time of the trial the hedge was from 3 to 5 feet in width for a distance of some 35 feet adjacent and in contact with the north line of said tract 1 which tract is bounded on the north by a line of posts and barbed wire fence. Accordingly, in the use made by appellants of the right of way, a detour is made around the hedge over appellee's property, and such has been its use since appellants parted with title to tract 1.

The appellants maintain a gate in the fence along the boundary line between tract 1 and tract 2, which gate must be passed through in leaving appellee's property at its east end upon entering appellants' property. Some 22 feet west of said fence the roadway leaves the 8-foot right of way and proceeds south over appellee's property in order to enter said gate.

In cultivating appellee's lands in several instances, shallow plowing had encroached from 6 to 7 inches on the right of way. In only one instance had this encroachment attained one foot in extent.

The trial judge himself, by consent of the parties, went out to view the premises, and at conclusion of the evidence denied the appellants the injunctive relief sought. Certain findings, made of the court's own motion, read:

"The court finds that there has been no material encroachment on the passageway and easement reserved in the deed in question, and that the passageway has at all times and now is, open, and affords an open, definite and sufficient passageway for vehicles and farm machinery, and that the said passageway is eight feet throughout the way, excepting when there is a slight encroachment of a few inches by shallow plowing, and which condition was and is

temporary only, and in excess of eight feet in some places, and that the slight bend complained of around where the shrubbery is, is of no consequence and does not in any way place a burden on the easement, or limit the use of the easement by plaintiff, and that the easement now afforded plaintiff is the same as always afforded and intended by the parties to the conveyance containing the reservations.

"The court further finds that the passageway and easement now in use, and which is complained of, is substantially that in use at the time the reservation was made in the deed in question, and that the parties did not contemplate that the eight foot easement and driveway should be exactly against the North line of defendant's property, and that no substantial rights of plaintiff have been denied or jeopardized by either the growth of the shrubbery, as it now appears, or the position of the gate and opening, as it now appears."

Judgment was entered dismissing appellants' complaint, to review which this appeal is prosecuted.

Error is assigned upon the denial of the mandatory injunction prayed for. Appellants say that the grant or reservation of their right of way as to its location and dimensions is clear and definite, and that the trial court was without right to say that something else than what they contracted for is just as good. A statement of some controlling principles will help us to a decision of the questions presented.

The extent of an easement is to be determined by a true construction of the grant or reservation by which it is created, aided by any concomitant circumstances which have a legitimate tendency to disclose the intention of the parties. Where, however, the grant or reservation is specific in its terms, it is, of course, decisive of the limits of the easement. 9 R.C.L. 785, § 43, "Easements"; Dewire v. Hanley, 79 Conn. 454, 65 A. 573; Gerrish v. Shattuck, 128 Mass. 571; J. S. Lang Engineering Co. v. Wilkins Potter Press, 246 Mass. 529, 141 N.E. 501; Rudolph Wurlitzer Co. v. State Bank of Chicago, 290 Ill. 72, 124 N.E. 844; Doan v. Allgood, 310 Ill. 381, 141 N.E. 779; F. W. Woolworth Co. v. Vogelsang, 176 Wis. 366, 187 N.W. 179. Cf. Arizona & C. R. R. Co. v. Denver & R. G. R. R. Co., 13 N.M. 345, 84 P. 1018.

The rights of one holding an easement in the land of another are measured by the nature and purpose of the easement; and, so far as consistent therewith, the owner of the fee may make any reasonable use desired of the land in which the easement exists. 9 R.C.L. 784, § 42, "Easements"; Doan v. Allgood, supra; F. W. Woolworth Co. v. Vogelsang, supra. The owner of the servient estate is under no obligation, in the absence of special agreement, to repair or maintain the way, the rule being that he who uses the easement must maintain it in proper condition or suffer the resulting inconvenience. 19 C.J. 980, § 228; 9 R.C.L. 794, § 51; Doan

v. Allgood, supra; Hammond v. Hammond, 258 Pa. 51, 101 A. 855, L.R.A.1918A, 590.

Incident to such duty, the owner of the easement has the right to go upon the servient estate at all reasonable times to effect proper repairs and maintenance. 9 R.C.L. 795; Tong v. Feldman, 152 Md. 398, 136 A. 822, 51 A.L.R. 1291. A kindred right exists in the owner of an easement to remove obstructions unlawfully placed thereon by the owner of the servient estate or any other person, as well as natural obstructions interfering with use of the way, so long as the same may be done without a breach of the peace. 19 C.J. 988, § 244; 9 R.C.L. 801, § 57.

Instructive annotations dealing with various phases of the subject under discussion will be found in 47 A.L.R. 552, 95 Am.St. Rep. 318, and 10 Eng.Rul.Cas. 311.

Applying the foregoing principles to the facts before us, we find a specific reservation of an easement in the form of a right of way "eight feet in width * * * along the north line of the above described property." No uncertainty or ambiguity appears in the language employed. The use of extraneous facts and circumstances to give a contrary meaning to the limits of the easement thus defined is therefore inadmissible. The appellants' easement is exactly eight feet in width paralleling the north boundary of appellee's land.

But this conclusion does not settle the matter. For almost seven years appellants have seemed satisfied to enjoy the way over lands of appellee in part outside the boundaries of the reservation. While invoking the strong arm of equity to place them inside its boundaries, appellants have a gate so located at the east terminus of the way that they must of necessity leave the right of way and cross over appellee's property in order to enter their own. We examine, then, to ascertain whether appellants have made out a case entitling them to the mandatory injunction prayed for.

In the first place, the principal obstruction complained of, the tamarisk hedge, was not of appellee's planting or planning. Under the undisputed evidence it was placed on the way by Mrs. Rosario Eaton, a predecessor in title twice removed from appellee. It was done, if not with appellants' express consent, at the least with their acquiescence. When appellee came upon the premises, he attempted to eradicate and remove it, failing in which he began to trim it. Appellants were not using that part of the way then and have not done so since, appellee being content to permit them to make a slight detour around the hedge over other lands of his not within the boundaries of the way.

The learned trial judge who viewed the right of way found this detour worked no inconvenience to appellants. Such finding, however, is not determinative of their rights. The reservation being specific, they are entitled to the use and enjoyment of the very way reserved. Nevertheless, the duty rests upon them to repair and maintain the same.

■ The complaint at times seems framed in the mistaken conception that appellee is obligated to remove the hedge. This reflects an erroneous view of the relative rights of the parties. The planting or maintenance of the hedge, if it prevented proper and reasonable use of the way, might have been restrained by appellants in the first instance as against the original wrongdoer. But that wrong was personal to her. Responsibility therefor did not follow the land into appellee's hands.

■ The evidence proper fails to disclose that appellee ever denied appellants the right themselves to remove the hedge. The most that can be gleaned from it is the expression of a wish by appellee that the hedge remain. If the matter stood thus, we should be compelled to hold there was not presented a prima facie case for injunctive relief. However, the answer contains an admission of the allegation that appellee had refused appellants the right to remove the hedge. Upon this admission the appellants were entitled to an injunction restraining appellee from interfering with their right to remove the hedge. The trial court erred in ruling otherwise.

We do not have before us a case such as Clough v. W. H. Healy Co., 53 Cal.App. 397, 200 P. 378, where, upon a balancing of conveniences and equities, the court exercised its discretion against injunctive relief. It seems obvious that the presence of the hedge prevents the use by appellants of the right of way reserved. And it does not appear that its removal will produce inconvenience or damage to the appellee.

The expense element is eliminated since it is the appellants themselves, seeking the injunction, who must remove same in fulfillment of their duty to repair the way or suffer the resulting inconvenience.

■ We are not impressed that the trial court erred in declining to enjoin the use of a gate by appellee at the North Fourth street entrance to the premises. The reservation is not so clear in this respect as it is in regard to the limits of the way. It reads: "A right of way eight feet in width is hereby *left* open. * * *" (Italics ours.) This at least suggests inquiry as to what was then considered "open." When we look to the evidence we find a gate as well as a cattle guard in use at the time. The gate at no time has been used to obstruct appellants' free use of the right of way but only to prevent trespassing. So far as the record shows, the right of way has always had a gate at this entrance. Appellant Dyer, himself stated that invariably he had been able to get through. The trial court correctly held that the right of way was "left open" within the intended meaning of such words in the reservation creating the easement. 19 C.J. 986, § 240; 9 R.C.L. 800, § 56; annotations, 73 A.L.R. 778 and 48 L.R.A.(N.S.) 87; Thomas v. Vanderslice, 201 Ala. 73, 77 So. 367; Brady v. Correll (Tenn.App.) 97 S.W.2d 448; Ford v. Rice, 195 Ky. 185, 241 S.W. 835; Fendall v. Miller, 99 Or. 610, 196 P. 381.

■ The fee owner in plowing his lands had the right to use the easement for turning at the end of the rows. Doan v. Allgood, supra. The slight encroach-

ment made when the furrows penetrated the right of way a few inches in places was characterized by the trial judge who viewed same as "temporary only" and as not being a material encroachment. It evidently was regarded by him as insufficient to move his discretion in the matter. Clough v. W. H. Healy Co., supra. We see no occasion to disturb his ruling, although such minor encroachments, if persisted in, could become the basis of injunctive relief. Appellee testified they were not intentional but due to inadvertence.

It follows from what has been said that the judgment of the trial court must be reversed with a direction to set aside its judgment and award to appellants an injunction restraining appellee from interfering with their right to remove the hedge from the right of way reserved. Appellants will recover their costs.

It is so ordered.

HUDSPETH, C. J., and BRICE and ZINN, JJ., concur.

BICKLEY, J., did not participate.