ANDREW SCHWAB vs. THE CHARLES PARKER COMPANY.

New Haven Co., June T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

In a suit by a riparian owner against a mill owner below for not keeping up an embankment which he was bound to maintain along his pond, by reason of which the plaintiff's land was flowed upon and injured, a committee found that the defendant had neglected to properly maintain the embankment and that the plaintiff's land was flowed in consequence, but that the point to which the defendant was bound to aintain the embankment could not be fixed with exactness, but was omewhere between certain points marked on an accompanying map, and that it was between those points that the water broke through. Upon this finding judgment was rendered for the plaintiff. Held that the finding must be taken to mean that there was certainty as to the defendant's duty to maintain the embankment over a part of the designated space, but uncertainty as to the exact extent of the line to be maintained, and that the judgment was to be regarded as based upon the defendant's failure to maintain the portion as to which his duty was certain.

[Argued June 16th—decided July 15th, 1887.]

ACTION for not keeping up an embankment along a mill pond of the defendant, by reason of which the plaintiff's

land was flowed and injured; brought to the Superior Court in New Haven County. The facts were found by a committee, the defendant remonstrated against the acceptance of the report, the plaintiff filed an answer to the remonstrance, and the defendant demurred to the plaintiff's answer. The court (*Stoddard J.,*) overruled the demurrer, accepted the report, and rendered judgment for the plaintiff. The defendant appealed. The case is sufficiently stated in the opinion.

*C. R. Ingersoll* and *F. G. Ingersoll,* for the appellant.

*R. S. Pickett* and *W. H. Ely,* for the appellee.

PARDEE, J. This is a complaint for flowing the plaintiff's land. The issue was closed to the court, judgment was rendered for the plaintiff, and an appeal taken by the defendant.

The finding is that the plaintiff is riparian owner on Quinnipiac river; that the defendant is the owner of a mill privilege thereon and ponds the water to a higher level than that of the plaintiff's land and restrains it therefrom by an embankment; that he has neglected to maintain this properly and that, as a consequence of such neglect, water flowed upon and injured the plaintiff's land. Also that the extreme northern point to which it is the duty of the defendant to maintain the embankment cannot now be fixed with exactness, but is somewhere between the letters $P$ and $Q$ upon a map accompanying the record; and that in 1884 the water broke through the embankment " at the place indicated by the letters $P$ and $Q$ on the map, and washed and gullied the plaintiff's land." Upon this, for reason of appeal, the defendant says as follows: That the finding of the report that "just where" between the points $P$ and $Q$ the northerly end of said dike or embankment originally terminated can not now be determined, renders the further finding that the breaking of the waters through and over the locality between said points was due to the negligence of the defendant in not keeping said dike or embankment in repair, inconclusive, inconsistent and erroneous.

We think the objection is not well taken. We must interpret the finding as saying that there is certainty as to the defendant's duty to maintain the embankment over a portion of the line next beyond *P* towards *Q*, but uncertainty as to the exact length of the line to be maintained; and that the judgment is based upon its failure to maintain the portion as to which there is certainty of duty. Otherwise we must impute this to the court, namely, a finding that the plaintiff's charge is not supported by any proof, and yet a judgment for him. This we cannot do. The finding is fairly susceptible of an interpretation in accord with the judgment.

Again, the defendant insists that it is our duty to re-commit the finding, with directions to locate, at some point, the northerly end of the dike which the defendant is bound to maintain. We think we ought not now to impose this burden upon the plaintiff. He charged that the defendant owed him a duty at a particular place and neglected to perform it, to his consequent injury. He proved the duty, the neglect and the amount of the damage. His right to judgment and execution for this is absolute and perfect; it neither depends upon nor can be affected by the answer to the question whether the defendant owes him a duty at a point farther north. Indeed, upon a proper interpretation of the finding and judgment the reason of appeal does not question this right, and in effect the defendant's motion is that we shall make it a condition precedent to the enforcement of a judgment against it for neglect of duty at one place, that the plaintiff shall be burdened by the expense attending the inquiry whether if water shall hereafter escape from the pond at another place with consequent injury the defendant will be liable in damages.

If it is within the spirit of the practice act that at any stage the defendant might graft such an inquiry into the original action and make future possibilities part of a present judgment, we yet think the motion too long delayed.

There is no error in the judgment complained of.

In this opinion the other judges concurred.