CENTER DRIVE-IN THEATRE, INC. *v.* CITY OF DERBY ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued March 6—decision released June 18, 1974

*George J. Jaser,* for the appellant (defendant J. M. Rosa Construction Company).

*James E. Cohen,* corporation counsel, with whom, on the brief, was *Foster M. Young,* for the appellant (named defendant).

*Howard F. Zoarski,* for the appellee (plaintiff).

LOISELLE, J.   The plaintiff corporation, Center Drive-In Theatre, Inc., was the owner of a drive-in theater in the city of Derby.  In this action for damages the plaintiff claimed that the defendants failed to restore a break in a dike after installing a sewer pipeline within an easement on the plaintiff's land and that they caused other damage to the property. The plaintiff prevailed in a trial to the court and received a judgment of $5700, from which the defendants appealed.

The court found the following facts:[1]  The plaintiff owned approximately 18.3 acres of land which were used for the operation of a drive-in theater in the city of Derby.  To the east of this land lies the Naugatuck River.  After that river flooded in 1955, the United States Army Corps of Engineers constructed a dike on the plaintiff's property to provide flood control protection.   The defendant city of Derby contracted with the defendant J. M. Rosa

[1] As the judgment in this appeal releases the defendant J. M. Rosa Construction Company from liability on the basis of the facts found, it is unnecessary to consider its assignments of error regarding the finding and draft finding.  *Masti-Kure Products Co.* v. *Appel,* 161 Conn. 108, 111, 285 A.2d 346.  The defendant city of Derby assigned error to the action of the court in refusing to find as fact twenty paragraphs of its draft finding and in finding as fact nine paragraphs of the finding.  Only three of the latter category, dealing with the determination of damages, were pursued in the city's brief.  These are discussed in a succeeding footnote.  The other twenty-six assignments of error concerning the finding and draft finding are considered abandoned.  *State* v. *Brown,* 163 Conn. 52, 55, 301 A.2d 547.

Construction Company, hereinafter called the defendant contractor, to install sewer pipelines, which in part traversed the plaintiff's property. P. Genovese and Associates, an independent engineering consulting firm, worked for the city of Derby on the sewer project. At the request of P. Genovese and Associates, the defendant contractor assured the plaintiff in a letter dated October 10, 1967, that "your property will be restored to as good or better when we are finished [sic]." The plaintiff subsequently granted an easement to the defendant city of Derby in a written agreement. In the process of constructing the sewer pipelines and in order to proceed across the Naugatuck River to a pumping station, the defendant contractor breached the dike. The breach was 100 feet long, 60 feet wide and approximately 15 feet high. Part of the earth removed from the dike went into the river and part remained on the plaintiff's property. The breach in the dike was not repaired or replaced by either defendant. The contract drawings furnished by the defendant city of Derby to the defendant contractor required restoration of the dike to its "existing condition." The dike was not repaired because the defendant city of Derby told the contractor not to repair it. The city of Derby received a $500 credit from the contractor for its order that the breach in the dike be allowed to remain. The breach in the dike existed from the fall of 1967 until March of 1969, when the plaintiff had it refilled by an independent contractor.

The defendants argue that as the agreement regarding the easement lacks any requirement that the dike be restored after the sewer was constructed, there can be no liability for failing to do so. The basic provisions of the interest granted to the city

of Derby are as follows: "[A] permanent easement and right-of-way, including the perpetual right to enter upon the real estate hereinafter described, at any time that . . . [the city of Derby] may see fit, and construct, maintain, and repair sewer pipelines and syphon chambers for the purpose of conveying sewage over, across, through, and under the lands hereinafter described, together with the right to excavate and refill ditches and/or trenches for the location of said sewer pipelines and syphon chambers, and the further right to remove trees, bushes, undergrowth, and other obstructions interfering with the location, construction, and maintenance of said sewer pipelines and syphon chambers." The easement thereafter describes the plaintiff's land and then states that "[t]he easement and right of way hereby granted covers a strip of land 20 feet in width over and across the above described land . . . . Said easement consisting of a permanent right-of-way and temporary construction easement." The course of the easement is described in the instrument and is shown on a map on file in the land records office of the city clerk. The permanent easement is described as "a strip of land not exceeding 7.15 feet each side of the center line of the sewer with the exception of the dosing chamber . . . where the right-of-way would be 12.50 feet each side of the center of the chamber, said width prevailing a total distance of 23 feet centered about the dosing chamber." The temporary construction easement is described as "a strip of land not exceeding 20 feet each side of the center line of the sewer and/or dosing chamber." The point which is the central issue of this appeal, whether the city of Derby was obligated to refill the breach in the dike, is not expressly covered in the instrument.

The owner of land over which an easement has been granted has, by law, all the rights and benefits of ownership consistent with the existence of the easement. *American Brass Co.* v. *Serra,* 104 Conn. 139, 150, 132 A. 565; 28 C.J.S., Easements, § 91; 61 Am. Jur. 2d, Pipelines, § 36; annot., 28 A.L.R.2d 626, § 5. The owner of an easement has all rights incident or necessary to its proper enjoyment, but nothing more. *Great Hill Lake, Inc.* v. *Caswell,* 126 Conn. 364, 367, 11 A.2d 396; 25 Am. Jur. 2d, Easements and Licenses, § 72; Restatement, 5 Property § 486. Of necessity, the interests of the owner of the easement often conflict with the interests of the owner of the burdened estate. By law, however, each of the parties owes certain duties to the other. The owner of a pipeline easement has been required to repair a breach in a fence caused by construction so as to preserve the enclosure around the servient land and to guarantee the full use and enjoyment of the land to the owner thereof. *M. & M. Pipe Line Co.* v. *Menke,* 45 S.W.2d 344, 345-46 (Tex. Civ. App.). Where the instrument is silent, the owner of an easement has a duty to make such repairs as are necessary for the owner of the land to have the reasonable use of his estate. 3 Powell, Real Property, ¶ 415, p. 514. The owner of an easement may be held liable for damage caused by his negligent use of the easement, and this liability extends to damage to the servient estate. *Gager* v. *Carlson,* 146 Conn. 288, 293, 150 A.2d 302; *Schwab* v. *Charles Parker Co.,* 55 Conn. 370, 372, 11 A. 183; cf. *Corvo* v. *Waterbury,* 141 Conn. 719, 725, 109 A.2d 869; *Davis* v. *Arkansas Louisiana Gas Co.,* 248 Ark. 881, 454 S.W.2d 331; *J. M. Huber Petroleum Co.* v. *Yake,* 121 S.W.2d 670 (Tex. Civ. App.) (liability imposed for damage resulting from failure of easement

owner to refill a pipeline trench and for failing to repair fences breached during construction); *Kincade* v. *Mikles,* 144 F.2d 784 (8th Cir.) (liability imposed for damage resulting from failure of easement owner to repair fences breached during construction); 61 Am. Jur. 2d, Pipelines, § 42. The owner of an easement may be held to have a duty to maintain it where failure to do so would injure the servient estate. 2 Thompson, Real Property (1961 Replacement) § 428, pp. 710–11. In some instances, the owner of the servient estate may repair a right-of-way at the expense of the owner of the easement. Annot., 20 A.L.R.3d 1026.

"The use of an easement must be reasonable and as little burdensome to the servient estate as the nature of the easement and the purpose will permit." 2 Thompson, op. cit. § 427, p. 699; *Baker* v. *Pierce,* 100 Cal. App. 2d 224, 226, 223 P.2d 286; *Doan* v. *Allgood,* 310 Ill. 381, 384, 141 N.E. 779. In this case, the language of the instrument is broad in scope. The city was entitled to construct pipelines to convey sewage "over, across, through, and under" the plaintiff's land. Ordinarily when opinions speak of the "use" of an easement, it arises in right-of-way cases. Thus "use" frequently involves the amount of traffic over the easement or alterations to the land to make it passable. Here, part of the use to which the defendant city of Derby subjected the plaintiff's land was the removal of a portion of the flood control dike. Under the provisions of the easement, the defendant city could have subjected the plaintiff's land to certain types of more burdensome uses. For example, the language of the grant would have permitted laying a pipeline on top of the ground, possibly interfering with the access to some of the plaintiff's land. The defendant city, however,

elected to sink the pipeline below ground level. This required breaching the dike. It is clear that the action of the defendant city in leaving the dike breached forced the plaintiff to choose between either repairing the dike or allowing the land to remain exposed to a greater risk of harm from flooding. There is no showing in the record that the action of the plaintiff in rebuilding the dike interfered with the defendant city's pipeline or that preserving the breach in the dike was in any way necessary for the defendant city's use of the easement. Indeed, if it had been necessary, the defendant city could have maintained an action against the plaintiff under the easement. *Patalano* v. *Chabot,* 139 Conn. 356, 362, 94 A.2d 15. As it was not necessary for the full enjoyment of the easement to have the ditch open at the site of the dike, it was within reason for the court to conclude that the owner of the premises was entitled to have the dike restored and to have the servient estate protected by the dike, as it had been before the actions of the defendants.

The finding indicates that the defendant city instructed the defendant contractor not to repair the dike after the sewer was completed. The argument in the city's brief, that the United States Army Corps of Engineers contemplated the construction of another dike, is not supported by any facts in the finding. The inference drawn by the court, that the defendant city of Derby took a calculated risk in instructing its contractor not to repair the dike, thereby receiving a credit on the contract price, is well supported by the facts found.

A judgment of $5700 was rendered by the court. The defendants claim the damages found were unreasonable and arbitrary and assign as error the court's conclusion and three of the underlying fac-

tual findings. In that the project merely returned the land to its original state, it is clear that rebuilding the dike could not have increased the value of the plaintiff's land beyond its value prior to the construction. Thus, there is no issue of excess recovery which might otherwise show that the award of damages was unreasonable. Even with the deletion of the three findings which the defendant city of Derby challenges,[2] sufficient facts remain to support the court's conclusion. The court found the size of the breach to be 100 feet in length, 60 feet in width and 15 feet in height. The plaintiff contracted with The Valley Construction Company to repair the breach in the dike and paid $5700 for this project. The Valley Construction Company paid a subcontractor for fill delivered to the site and took between one and two weeks to complete its work. Although mathematical precision may be lacking, these facts are sufficient to support the conclusion of the court that the sum of $5700 paid by the plaintiff to repair the damage done to its property was reasonable and that the plaintiff was entitled to

---

[2] The defendant city of Derby's arguments focus on three of the court's findings relating to the cost incurred per cubic yard of fill, the amount of fill, and the total cost of the fill. It is undisputed that the total cost of the fill which was found by the court, $2500, was not a direct element of the plaintiff's damages but was instead paid to the supplier of the fill by The Valley Construction Company, the firm which the plaintiff hired to rebuild the dike. The defendant city has failed to pursue its assignment of error as to the court's finding that "[t]he plaintiff paid $5700.00 to The Valley Construction Co. solely for the restoration of the dike," and, therefore, this finding must stand. *Randolph Construction Co.* v. *Kings East Corporation*, 165 Conn. 269, 271, 334 A.2d 464. With this and the other elements of the plaintiff's showing of damages undisturbed, deletion or amendment of the findings attacked by the defendant city would not affect the result in this case. Accordingly, it is unnecessary to address the merits of the defendant city's challenge to these findings. *Lewis* v. *Lewis*, 162 Conn. 476, 481, 294 A.2d 637; *Malone* v. *Steinberg*, 138 Conn. 718, 720, 89 A.2d 213.

recover that amount. Cf. *Stern & Co.* v. *International Harvester Co.,* 148 Conn. 527, 533–34, 172 A.2d 614; *Bachman* v. *Fortuna,* 145 Conn. 191, 194–95, 141 A.2d 477.

The court concluded that the plaintiff "sustained its burden of proving that the damage it sustained was caused by the wrongful conduct of the defendants," and thereby held both the defendant contractor and the defendant city of Derby liable for the breach in the dike. The decision to impose liability on the contractor apparently was based on negligence. Since the easement provides the basis of the recovery from the defendant city of Derby, no basis has been shown for recovery from the defendant contractor. Furthermore, the finding does not support a conclusion that the defendant contractor was negligent. Accordingly, that part of the trial court's conclusion which imposed liability on the contractor is in error. As this has no effect on the damages to which the plaintiff is entitled or on the liability of the defendant city, there is no need for a new trial. Furthermore, as the defendant contractor is released from liability under this holding, no consideration need be given to its other assignments of error. *Beckish* v. *Planning & Zoning Commission,* 162 Conn. 11, 18, 291 A.2d 208.

The remaining assignments of error by the city of Derby were not briefed and are considered abandoned. *State* v. *Bitting,* 162 Conn. 1, 3, 291 A.2d 240.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment as on file except that the judgment shall be rendered against the defendant city of Derby alone.

In this opinion the other judges concurred.