[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to resolve a dispute between various lot owners whose properties abut a section of the street known as James Avenue in the Town of Southington. The facts do not appear to be in dispute. The particular strip of land is described as follows:
 Northerly by property now or formally of Domenico Testa, 100 feet, more less;
 Northerly again by property now or formally of Alphonse T. and Lucille M. Salerno, 50 feet, more or less;
 Easterly by Autran Avenue, 25 feet, more or less;
and,
 Westerly by property now or formally of Ilio Fusciello, 25 feet, more or less.
 This piece being the southern one-half (1/2) of James Avenue (said one-half of James Avenue being 25 feet, more or less in width) westerly from its intersection with Autran Avenue.
A court trial was conducted on November 6, 1992. The following facts were placed in evidence through agreed upon exhibits and testimony offered by the involved parties. The plaintiffs acquired the house and lot abutting the parcel in dispute on August 11, 1969. Prior to this date the Town of Southington had abandoned that portion of James Avenue which includes the above described portion of land, the subject of this dispute. On September 28, 1990 a judgment was entered in Superior Court at New Britain against Ilio Fusciello stating that the plaintiffs were the owner, in fee simple, of the disputed parcel.
Other defendants were subsequently cited in to these proceedings who are Frank Drozd, Alphonse T. and Lucille Salerno, Domenico Testa and Mary F. Kane.
The defendant Lucille Salerno testified at trial CT Page 11301 that she and her husband own the property directly north of the disputed strip. She claims that although the strip abandoned to her and her husband is 25 feet in width, it is not sufficient for her to make a turn into her driveway without crossing onto the plaintiff's land.
The court made a physical inspection of the premises and found that this claim is not correct and so, discards it. The inspection further reveals that the Salerno defendants have full access to the easterly boundary of their property by another portion of Autran Avenue, also abandoned. For these reasons judgment in favor of the plaintiffs against Alphonse T. Salerno and Lucille H. Salerno may be entered at this time.
With respect to the claim of Domenico Testa, Frank Drozd and Irene Conrad, a review of the maps submitted as exhibits indicate that they own parcels which may be landlocked so that the question of an easement of necessity may have arisen. "An easement of necessity may be imposed where a conveyance by the grantor leaves the grantee with a parcel inaccessible save over the lands of the grantor or where the grantor retains an adjoining parcel which can be reached only through lands conveyed to the grantee . . . ." Hollywyle Assn., Inc. v. Hollister, 164 Conn. 389, 398-99. "The use of an easement must be reasonable and as little burdensome to the servient estate as the nature of the easement and the purpose will permit." Kuras v. Kope, 205 Conn. 333, 341; Center Drive-In Theater, Inc. v. Derby, 166 Conn. 460, 465.
The defendant Mary Kane's parcel abuts upon two other public streets in Southington; i.e., West Street and Bishop Avenue. Judgment may enter in favor of the plaintiff against Mary Kane for reasons stated above.
With respect to the possible claim of necessity by Testa, Drozd, and Conrad, the plaintiffs state in their brief that those rights are not being contested and the court finds that these defendants, Domenico Testa, Frank Drozd and Irene Conrad may pass and repass over the contested strip of property.
Judgment may enter that the plaintiffs, Vincenzo Cusano and Erminia Cusano have title in the above described property in fee simple, subject only to easement in favor of the defendants, Domenico Testa, Frank Drozd and Irene Conrad CT Page 11302 to pass and repose over and along said parcel and further subject to any other encumbrance of record.
HARRY N. JACKAWAY JUDGE, SUPERIOR COURT