[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE (#106)
On February 28, 1996, the plaintiff, Kevin T. Ewald, filed a three count revised complaint against the defendants, City of Middletown and Middletown Water and Sewer Department. Count one alleges that, despite the plaintiff's protest, the defendants entered upon his property to replace an existing sewer line which ran beneath his land, causing damages. Count two alleges that the sewer replacement constituted a taking entitling him to compensation pursuant to General Statutes §§ 7-247[1] and 7-248.[2]
Count three alleges a violation of article first, § 11, of the constitution of Connecticut.[3]
On February 28, 1996, the defendants filed a motion to strike, all three counts of the plaintiff's revised complaint. In accordance with Practice Book § 155, the defendants filed a memorandum in support of their motion to strike, and the plaintiff timely filed a memorandum in opposition. CT Page 4255-LLLL
"A motion to strike challenges the legal sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). In reviewing the granting of a motion to strike, we take the facts alleged in the plaintiff's complaint and construe the complaint in the manner most favorable to the plaintiff. Mozzochiv. Beck, 204 Conn. 490, 491, 529 A.2d 171 (1987). This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Westport Bank Trust Co. v. Corcoran,Mallin Aresco, 221 Conn. 490, 495-96, 605 A.2d 862 (1992).
The defendants argue that counts one and two should be stricken because the defendants were legally entitled to enter upon the plaintiff's land to replace the sewer line pursuant to an easement granted to the city by the plaintiff's predecessors in title.[4] The plaintiff does not dispute the existence of the easement; however, the plaintiff contends that the replacement of the sewer line constituted an expansion of the scope of the existing easement, thus entitling him to compensation.
The rule is well established that "`[t]he use of an easement must be reasonable and as little burdensome to the servient estate as the nature of the easement and the purpose will permit.'"Somers v. LeVasseur, 230 Conn. 560, 564, 645 A.2d 993 (1994), quoting Center Drive-In Theatre, Inc. v. Derby, 166 Conn. 460, 465,352 A.2d 304 (1974). In this case, the plaintiff has alleged that the defendants acted beyond the scope of the existing easement in replacing the sewer line. Such action may constitute a taking entitling the plaintiff to compensation pursuant to General Statutes §§ 7-247 and 7-248. In addition, "[t]he owner of an easement may be held liable for damage caused by his negligent use of the easement . . . ." Center Drive-In Theatre, Inc. v. Derby, supra, 166 Conn. 464. The complaint alleges, among other things, that the defendants' removal of several trees from the plaintiff's property has caused him damages. Accordingly, the defendants' motion to strike counts one and two is denied.
The plaintiff also alleges that the expansion of the original easement constitutes a taking entitling him to compensation under article first, § 11, of the constitution of Connecticut. As noted by the plaintiff, "[t]he constitution provides that no property CT Page 4255-MMMM shall be taken for a public use without just compensation. Const. of Conn., Article 1, § 11. We have said that just compensation means a fair equivalent in money for the property taken as nearly as its nature will permit . . . ." Winchester v. Cox, 129 Conn. 106,114, 26 A.2d 592 (1942). If, however, the action of the defendants constitutes a taking in this case, the plaintiff's remedy lies in General Statutes §§ 7-247 and 7-248. The plaintiff has requested such relief in count two. Accordingly, the defendants' motion to strike count three is granted.
In conclusion, the defendants' motion to strike counts one and two are denied, and their motion to strike count three is granted.
BY THE COURT:
STANLEY, J.