[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue in this application for temporary injunction is the extent to which the defendants may expand their use of an express right of way, granted by deed, to access their home.
There seems to be little dispute as the facts, and the court makes the following abbreviated findings thereof. Each of the two plaintiffs own a house and lot on Dublin Hill Drive in Greenwich which serve as their residences. Each of these lots has as its frontage on the road a 20 foot strip of land. These two strips abut and together make a 40 foot easement area to the two lots. Within easement area, there has long been constructed a common driveway from 15 to 25 feet in width by the plaintiffs.
A third lot, owned by the defendants, adjoins the easement area on the west[1] Indeed, defendants are, by deed, owners of a right of way for lawful purposes of travel over the easement area, to and from Dublin Hill Drive. An asphalt driveway exist, and for some time has existed, on the defendants property running from the common driveway in the easement area to existing structures on the defendants' lot. The point where the defendants' driveway splits from the common driveway is close to the northerly terminus of the easement area, at Dublin Hill Drive. The defendants have commenced construction of a new residence on their property, apparently intending to abandon the old. In connection therewith, they intend to construct a circular driveway which will have two points of connection with the common driveway in the easement area on the plaintiffs' property. The two driveways are some 300 feet further south on the common easement. In the winter of 1997-1998, the defendants clear-cut and graded an approximately 20 x 100 (or more) swath across the easement area, on the plaintiff Rothman's property. By this proceeding, the plaintiffs' ask the court to issue a temporary injunction prohibiting the defendants from cutting trees and/or excavating land and/or constructing any driveway on the property owned by the plaintiffs.
The requirements for a temporary injunction to issue are: (1) establishing a legal right, which involves a determination of the probability of the plaintiffs' succeeding on the merits and that there is no other adequate remedy at law; and (2) the imminence of a substantial and irreparable injury to the plaintiffs, considered together with the effect of a temporary injunction on the plaintiffs and the defendants. Whether damages are to be viewed by a court of equity as irreparable or not depends more upon the nature of the right which is injuriously affected than CT Page 7555 upon the pecuniary measure of the loss suffered. Conn. Assn.Clinical Labs v. Conn. Blue Cross, 31 Conn. Sup. 110,324 A.2d 288 (1973).
The plaintiffs first argue that although the defendants have a right of way for lawful purposes of travel, that right is limited to the reasonable use of the easement; that the use of the easement must be as little a burden on the servient estate as the nature and purposes of the easement will permit. SeePeterson v. Oxford, 189 Conn. 740, 459 A.2d 100 (1983);Center Drive-in Theater, Inc. v. Derby, 166 Conn. 460, 352, A.2d 304 (1974). They claim that because the defendant have an existing driveway adequate for their purposes it is not reasonable for them to create two other points of connection with the common driveway which would, because of the removal of natural and trees in the easement area, decrease the value of the plaintiffs' land and their enjoyment of it, as well as needlessly overburdening the easement. The plaintiffs further claim that clear-cutting a wide swath beyond that which is needed for the defendants' driveway construction is an unreasonable and prohibited use of the right of way by the defendants. The plaintiffs also argue that the evidence produced at the hearing demonstrates that the defendants have abandoned any right to use the easement to any extent beyond that which allows them access to their existing driveway.
The defendants claim that under the express easement, they have a right of use over the entire access strip, and that the creation of a circular driveway for their new house is a reasonable the easement.
The court finds that the defendants have a right to create a circular driveway and to access a common driveway where necessary to do so. This is a reasonable use of the easement in conjunction with the improvement of the defendants' property with a new single family dwelling. The easement granted to the defendants is not limited to use as an access to their existing driveway, and there is nothing in the grant itself or any facts produced at the hearing which would sustain such a finding. See Kuras v.Kope, 205 Conn. 332, Z33 A.2d 1202 (1987). Neither was there any credible evidence that the defendants or their predecessors in title abandoned any portion of their right-of-way. Having found that the plaintiffs are not likely to be successful on the full hearing on the merits, the court cannot issue a temporary injunction prohibiting the defendants from constructing a CT Page 7556 circular driveway to service their residence, and connecting it to the existing common driveway in the easement area, nor from using the common driveway for purposes of travel over its full length.
However, the court further finds from the evidence presented that cutting a swath greater than than needed to construct the actual driveway surfaces is an unreasonable use of the easement, and impermissibly encroaches upon the plaintiffs' land.Peterson v. Oxford, 189 Conn. 740, 459 A.2d 100 (1983). On this issue, the court finds that the plaintiffs will succeed on the merits, and since the harm is encroachment and unauthorized alteration to land, injunctive relief is warranted.Earley v. Roble, Superior Court, judicial district of New Haven at New Haven, Docket No. CV92-0334637 (December 6, 1996, Hodgson, J.).
A temporary injunction shall issue prohibiting the defendants from cutting trees excavating or landscaping any portion of the plaintiffs' land, including the easement area, except as the same shall be reasonably necessary for the purpose of connecting a proposed circular driveway[2] on the defendants' property to the existing common driveway in the easement area.
No bond is required of the plaintiffs.
So ordered.
D'Andrea, J.