10-3001-cv
Conde v. Town of Sharon, et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of April, two thousand eleven.

PRESENT:
            ROBERT D. SACK,
            PETER W. HALL,
            DEBRA ANN LIVINGSTON,
                        *Circuit Judges.*

_____

PILAR CONDE,
                        *Plaintiff-Appellant,*

            v.                                        No. 10-3001-cv

TOWN OF SHARON; THE BOARD OF SELECTMEN, TOWN OF SHARON; MALCOLM BROWN, I/O First Selectman of Board; THOMAS H. BARTMAN, I/O Selectman of Board; and JOHN B. MATHEWS, I/O Selectman of Board,
                        *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:        BARRIE L. GOLDSTEIN, Barrie L. Goldstein, LLC,
                                (Kenneth R. Slater, Jr., Of Counsel, *on the brief*),
                                Washington Depot, Connecticut.

FOR DEFENDANTS-APPELLEES:        FREDERICK M. O'BRIEN, Regnier, Taylor, Curran &
                                Eddy, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Covello, *J.*).  **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In this dispute arising from the Town of Sharon's refusal to concede to plaintiff's request for permission to erect a gate across the town's recreational easement, plaintiff Pilar Conde appeals principally from the district court's decision granting summary judgment for the defendants on her procedural and substantive due process claims.  Conde also appeals the district court's denial of her cross-motion for summary judgment and its dismissal of her state law claims without prejudice.  We assume the parties' familiarity with the underlying facts and procedural history of the case.

**I.      Discussion**

We review a district court's grant of summary judgment *de novo*.  *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008).  Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

**A.      Procedural Due Process Claim**

In order to claim a violation of her right to due process, Conde must first establish that she had a constitutionally protected property interest at stake.  In land use cases, we employ an "entitlement" inquiry to determine whether the landowner has a legitimate claim of entitlement to the sought after land use.  *See RRI Realty Corp. v. Inc. Vill. of Southampton*, 870 F.2d 911, 918 (2d Cir. 1989); *see also Yale Auto Parts, Inc. v. Johnson*, 758 F.2d 54, 58-59 (2d Cir. 1985) (explaining that 42 U.S.C. § 1983 does not "guarantee a person the right to bring a federal suit

2

for denial of due process in every proceeding in which he is denied a license or a permit," lest the federal courts be "overburdened . . . beyond capacity").

Thus, to establish a legitimate property interest entitled to Fourteenth Amendment procedural due process protection, a plaintiff must demonstrate that she has a "legitimate claim of entitlement" to that property interest. *Id.* at 58 (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). She does so by showing that "absent the alleged denial of due process, there is either a certainty or a very strong likelihood that the application would have been granted." *Id.* at 59. *See also RRI Realty*, 870 F.2d at 917-18 (affirming *Yale Auto Parts* entitlement inquiry for land use regulation cases); *see also Clubside, Inc. v. Valentin*, 468 F.3d 144, 152-54 (2d Cir. 2006); *Zahra v. Town of Southold*, 48 F.3d 674, 680 (2d Cir. 1995). "Application of the test must focus primarily on the degree of discretion enjoyed by the issuing authority." *RRI Realty*, 870 F.2d at 918. Where there is a high degree of official discretion in whether to grant or deny an application for a particular land use, a plaintiff cannot show the requisite "certainty" necessary to demonstrate a legitimate claim of entitlement to that use and thereby establish that a constitutionally protected property interest is at stake. *See, e.g.*, *Kelly Kare, Inc. v. O'Rourke*, 930 F.2d 170, 175 (2d Cir. 1991) ("If the statute, regulation, or contract in issue vests in the state significant discretion over the continued conferral of that benefit, it will be the rare case that the recipient will be able to establish an entitlement to that benefit.").

Even assuming the town's decision regarding Conde's request for permission to construct a gate across the town's easement rises to the level of state action for purposes of her due process claims, Conde has not asserted, much less established, a constitutionally protected property right. Conde herself states in her briefing on appeal that this case boils down merely to "a dispute

3

between a landowner, Conde, and the Town, her neighbor" Appellant's Br. at 3. In this respect, Conde states that the town lacks the authority unilaterally to determine whether the gate she proposes to construct infringes on the town's easement, as this determination is the province of the Connecticut state courts. *Id.* at 15. Conde asserts that she "ha[s] every right to construct the proposed vehicular gate without the Town's permission." *Id.* at 19; *cf. Ctr. Drive-In Theatre, Inc. v. City of Derby*, 352 A.2d 304, 307 (Conn. 1974) (noting that "[t]he owner of land over which an easement has been granted has, by law, all the rights and benefits of ownership consistent with the existence of an easement," whereas "[t]he owner of an easement has all rights incident or necessary to its proper enjoyment, but nothing more"). Conde, therefore, sought solely the town's *acquiescence* to the proposed gate—acquiescence that the town had full discretion to decline to grant. Accordingly, because Conde does not claim a legitimate entitlement to the town's consent to her construction of the gate, she has failed to allege a protected property right of constitutional proportions. *See, e.g.*, *RRI Realty*, 870 F.2d at 918.

B.    Substantive Due Process

"Substantive due process protects individuals against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill-advised." *Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994) (internal quotation marks and citations omitted). "Moreover, government action might be so arbitrary that it violates substantive due process regardless of the fairness of the procedures used." *Id.* (internal quotation marks omitted). The first step when determining whether a plaintiff has advanced a valid substantive due process claim "is to identify the constitutional right at stake." *Id.* In the absence of a constitutionally protected right, as noted above, Conde's substantive due

4

process claim must also fail.  Furthermore, even if there were a constitutionally protected right at issue, Conde has failed to point to any facts establishing that the town's conduct with respect to her request to build a gate was arbitrary, conscience-shocking, or oppressive.  The district court correctly granted summary judgment for the defendants on this count as well.

## II.     Conclusion

We have considered all of Conde's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the district court is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5